UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Compania General de Combustibles S.A.,** | § CIVIL ACTION NO. 4:25-cv-6020 |
| **Allianz Argentina Compania de Seguros S.A.,** | § |
| **Sudamericana Seguros Galicia SA, f/k/a** | § |
| **Seguro Sura SA,** | § |
| **Plaintiffs** | § |
| **V.** | § |
| | § |
| **RGR Global Logistics, LLC,** | § |
| **Triton Transport, LLC, Cole International, Inc.,** | § |
| **and Union Pacific Railroad Co.,** | § |
| **Defendants** | § |

## COMPLAINT

Plaintiffs, **COMPANIA GENERAL DE COMBUSTIBLES S.A., ("CGC"), ALLIANZ ARGENTINA COMPANIA DE SEGUROS S.A., ("ALLIANZ")** and **SUDAMERICANA SEGUROS GALICIA SA, F/K/A SEGURO SURA SA** ("SEGUROS"), who are all collectively referred to as **"Plaintiffs"**, allege for their complaint against defendants **RGR GLOBAL LOGISTICS, LLC ("RGR"), TRITON TRANSPORT, LLC ("TRITON"), COLE INTERNATIONAL, INC., ("COLE")** and **UNION PACIFIC RAILROAD CO. ("UNION PACIFIC"),** who are all collectively referred to as **"Defendants",** the following causes of action which will be proven by a preponderance of credible evidence.

1. Plaintiffs' complaint contains a cause of action for damage to cargo arising under a statute of the United States, namely the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 ("CARMACK") and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. §1331, as more fully appears herein. Additionally, this Court possesses diversity jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000 and the plaintiffs and defendants are citizens of different states and foreign states, as more fully described below.

2. Plaintiff CGC is now, and at all times herein material was, a foreign corporation duly organized in Argentina and existing by virtue of law, and whose principal place of business is in Buenos Aires, Argentina. As more fully described below, CGC was the owner of the shipment at issue in this lawsuit.

3. Plaintiff ALLIANZ is now, and at all times herein material was, a foreign corporation duly organized in Argentina and existing by virtue of law, and whose principle place of business is in Buenos Aires, Argentina. As more fully described below, ALLIANZ subscribed to a policy of cargo insurance, no. 23002/940231, issued to CGC, the owner of the shipment at issue in this lawsuit, and has made payment to CGC under the policy for the loss of or damage to the shipment.

4. Plaintiff SEGUROS is now, and at all times herein material was, a foreign corporation duly organized in Argentina and existing by virtue of law, and whose principle place of business is in Buenos Aires, Argentina. As more fully described below, SEGUROS also subscribed to policy of cargo insurance, no. 23002/940231, issued to CGC, the owner of the shipment at issue in this lawsuit, and has made payment to CGC under the policy for the loss of or damage to the shipment.

5. Plaintiff CGC is now, and at all times herein material was, a foreign corporation duly organized in Argentina and existing by virtue of law, and whose principal place of business is in Buenos Aires, Argentina. As more fully described below, CGC was the owner of the shipment at issue in this lawsuit.

6. Plaintiffs are informed and believe that defendant RGR is now, and at all times herein material, was a corporation duly organized in Texas and existing by virtue of law, with a principal place of business in Houston, Texas and whose members all reside in Texas and was engaged in business as a common carrier and/or freight forwarder of merchandise.

7. Plaintiffs are informed and believe that defendant COLE is now, and at all times herein material, was a corporation duly organized in Canada and existing by virtue of law, with a principal place of business in Canada and whose members all reside in Canada and was engaged in business as a common carrier and/or freight forwarder of merchandise.

8. Plaintiffs are informed and believe that defendant TRITON is now, and at all times herein material, was a foreign corporation duly organized in Canada and existing by virtue of law; with a principal place of business is in Canada and whose members all reside in Canada and was engaged in business as a common carrier of merchandise.

9. Plaintiffs are informed and believe that defendant UNION PACIFIC is now, and at all times herein material, was a corporation duly organized in Delaware and existing by virtue of law, with a principal place of business in Omaha, Nebraska as a common carrier of merchandise.

10. Plaintiffs are informed and believe that defendant TRITON received a shipment consisting of a Deethanizer / ER Regeneration skid (the "Shipment" or "Cargo") at Airdrie, Alberta, Canada on or about November 20, 2023 for truck transport to Houston, Texas. While crossing railroad tracks in Parker County, Texas on West FM5 at Annetta Centerpoint Road, the TRITON truck/trailer with the Shipment was involved with a collision with a UNION PACIFIC train on or about December 17, 2023[1], which resulted in completely damaging and/or destroying the Shipment.

**FIRST CAUSE OF ACTION**
**(Damage to Cargo - CARMACK)**
**(Against COLE, TRITON AND RGR)**

11. Plaintiffs refer to and incorporate herein by reference paragraphs 1-8 as though fully set forth herein.

12. Plaintiffs are informed and believe, and on the basis of such information and belief, allege

---

[1] *See* https://www.cbsnews.com/texas/news/centerpoint-road-closure-after-train-collides-with-semi-truck-trailer/

that the Shipment was received in good order and condition by Defendants on or about November 20, 2023 at Airdrie, Alberta, Canada. Plaintiffs further allege that in exchange for good and valuable consideration each defendant agreed to transport and carry the Shipment it received under contracts of carriage, to Houston, Texas, and deliver said Shipment in the same good order, condition, and quantity as when received to the Place of Delivery and consignee identified.

13. Thereafter, in breach of and in violation of said agreements and their duties as common carriers of goods for hire and due to the fault and neglect defendants, their agents and servants, each defendant did not deliver the Shipment it received in the same good order, condition, and quantity. To the contrary, each defendant failed to deliver the Shipment as it was completely destroyed and/or damaged, rendering each defendant liable for $1,469,000 in damages for the total loss and/or damage to the Shipment.

14. Prior to the shipment of the herein described cargo and prior to any loss thereto, Plaintiffs ALLIANZ and SEGUROS (collectively "Plaintiff Insurers") issued their policy of insurance whereby Plaintiff Insurers agreed to indemnify the owner of said cargo, and its assigns, against loss of or damage to said cargo while in transit, including mitigation expenses, and Plaintiff Insurers have therefore become obligated to pay, and have paid, to the person entitled to payment under said policy, the total sum of $1,389,000, which is the value of the damaged and non-delivered cargo, on account of the herein described loss, and thus have become contractually and/or equitably subrogated to their rights and claims, or have been assigned the rights to recovery for the cargo loss.

15. By reason of each defendant's failure to deliver the shipment it received in the same good order and condition, each defendant has caused a loss to Plaintiff Insurers in the amount of $1,389,000, and a deductible loss to CGC of $80,000, no part of which has been paid by any

4

defendant, despite demand therefor.

16. Plaintiffs sue on their own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

WHEREFORE, Plaintiffs demand recovery from defendants, jointly and severally, and pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (Breach of Contract)
### (Against COLE AND TRITON)

17. Plaintiffs refer to and incorporate herein by reference paragraphs 1-14 as though fully set forth herein. This cause of action is plead in the alternative.

18. Each defendant, under contracts of carriage, namely bills of lading, and in return for good and valuable consideration, agreed to transport and carry the Cargo it received from Airdrie, Alberta, Canada to the Port of Houston, Texas and deliver said Cargo in the same good order, condition, and quantity as when received to the lawful owner of the Cargo at the place of Delivery.

19. In breach of said contract, each defendant did not deliver the Cargo it received in the same good order, condition, and quantity as when received. To the contrary, each defendant failed to deliver the Cargo in the same condition as received, as it was completely damaged and/or destroyed prior to delivery.

20. By reason of each defendant's failure to deliver the Cargo it received in the same good order and condition, each defendant has caused a loss to Plaintiff Insurers in excess of $1,389,000 and a deductible loss to CGC in the amount of $80,000 for which demand has been made but not paid. Plaintiffs demand recovery from defendants, jointly and severally.

### THIRD CAUSE OF ACTION
### (Breach of Contract)
### (Against RGR)

21. Plaintiffs refer to and incorporate herein by reference paragraphs 1-14 as though fully set forth herein.

22. Defendant RGR agreed in writing to transport the Cargo via truck and ocean transit from

Airdrie, Alberta, Canada to Argentina and deliver it in the same good order, condition and quantity as received to the lawful owner of the Cargo, with the first leg of the transport via truck to the Port of Houston and the second leg via ocean vessel from Houston to Argentina. RGR further agreed to procure and maintain all risk cargo insurance on the Cargo to protect it against loss or damage with the proceeds from the insurance coverage payable to CGC if the Cargo sustained loss or damage during the transit.

23. In breach of said contract, RGR defendant did not deliver or have the Cargo delivered in the same good order, condition, and quantity as when received in Airdire, Alberta, Canada. To the contrary, the Cargo was not delivered but instead was completely damaged and/or destroyed during the truck transit leg to the Port of Houston. RGR further breached the contract by failing to procure and maintain all risk cargo insurance on the Cargo, as required, thus causing RGR to take on the liabilities of an insurer and be fully liable and responsible for the damages.

24. By reason of RGR's contractual breaches, RGR has caused a loss to Plaintiffs Insurers in excess of $1,389,000 and a deductible loss to CGC in the amount of $80,000 for which demand has been made but not paid. Plaintiffs demand recovery from defendants, jointly and severally.

### FOURTH CAUSE OF ACTION
### (Negligence)
### (Against UNION PACIFIC)

25. Plaintiffs refer to and incorporate herein by reference paragraphs 1-14 as though fully set forth herein.

26. On or about December 17, 2023, defendant UNION PACIFIC's train collided with the TRITON trailer containing the SHIPMENT, resulting in completely damaging and/or destroying the shipment. Plaintiffs are informed and believe that the collision and damage to the Shipment resulted from UNION PACIFIC's negligent acts and omissions, which include, but are not limited to, failing to exercise reasonable care in operating the train, failing to have a proper and required lookouts, failing to operate the train at a safe speed given the conditions, failing to take required and necessary steps to slow down and avoid the collision, among other negligent acts and

omissions.

27. As a proximate result of the foresaid negligence, the Shipment was completely damaged and/or destroyed, causing a loss to Plaintiffs Insurers in excess of $1,389,000 and a deductible loss to CGC in the amount of $80,000 for which demand has been made but not paid. Plaintiffs demand recovery from defendants, jointly and severally.

WHEREFORE, Plaintiffs demand that summons issue against defendants in proper form; that judgment be entered in its favor in an amount exceeding $1,469,000 as shown to the Court plus interest and the costs and disbursements of this action; and that all persons having or claiming an interest therein be cited to appear and answer under oath all and singular the matters stated, and this Court pronounce judgment in favor of Plaintiffs for their damages together with interest, costs and disbursements, and that this Honorable Court grant Plaintiffs such other and further relief which is just and proper.

Respectfully submitted,

W. SEAN O'NEIL, ATTORNEY AT LAW

*/s/ W. Sean O'Neil*
W. Sean O'Neil
Attorney-in-Charge
Texas State Bar No. 24033807
Fed. Id. No. 24835
2000 S. Dairy Ashford Road, Suite 348
Houston, Texas 77077
Telephone:   (281) 496-0193
Telefax:      (281) 496-0680
Email:         wsoneil@wsolaw.com
***ATTORNEY FOR PLAINTIFFS***