**UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **COMPANIA GENERAL DE COMBUSTIBLES S.A.,** | § | |
| **ALLIANZ ARGENTINA COMPANIA DE SEGUROS S.A.,** | § | |
| **AND, SUDAMERICANA SEGUROS GALICIA SA,** | § | |
| **F/K/A SEGURO SURA SA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civ. Act. No. 4:25-cv-6020** |
| | § | |
| | § | |
| **RGR GLOBAL LOGISTICS, LLC;** | § | |
| **TRITON TRANSPORT, LLC;** | § | |
| **COLE INTERNATIONAL, INC.; AND,** | § | |
| **UNION PACIFIC RAILROAD CO.,** | § | |
| | § | |
| **Defendants.** | § | |

**UNION PACIFIC RAILROAD COMPANY'S**
**RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' NEGLIGENCE CLAIM**

THE HONORABLE KEITH P. ELLISON:

COMES NOW, Defendant Union Pacific Railroad Company, by and through its undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure and hereby files its Rule 12(b)(6) Motion to Dismiss Plaintiffs' Negligence Claim against it in response to Plaintiffs' Complaint. Union Pacific would respectfully show the Court as follows:

## I.
## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs—foreign cargo owners and insurers—seek to recover pure cargo loss damages allegedly arising from an interstate shipment destroyed during an accident. Although Plaintiffs properly assert claims under 49 U.S.C. § 14706—commonly referred to as the Carmack

Amendment—against the motor carriers involved in the shipment, they also assert a stand-alone negligence claim against Defendant Union Pacific Railroad Company ("Union Pacific"), a non-contracting railroad. *See* Pl.'s Complaint, pp 6-7, ECF No. 1. That negligence claim fails as a matter of law for two independent reasons.

First, the Carmack Amendment completely preempts state-law negligence claims seeking recovery for loss of or damage to cargo arising from interstate transportation. Plaintiffs' negligence claim against Union Pacific seeks the same damages, arises from the same shipment, and rests on the same alleged loss as their Carmack claims. *See* Pl.'s Complaint, ECF No. 1. Allowing such a claim would defeat Carmack's core purpose of national uniformity. *See Moffit v. Bekins Van Lines Co*., 6 F.3d 305, 307 (5th Cir. 1993).

Second, even if Carmack did not preempt Plaintiffs' negligence claim (it does), Plaintiffs have failed to plead facts sufficient to state a plausible negligence claim under Rule 12(b)(6). Plaintiffs do not allege facts establishing any actionable duty, breach, or proximate cause attributable to Union Pacific. *Id.* Conclusory allegations that a train should have "slowed" or "avoided" a collision caused by a vehicle fouling a crossing do not satisfy *Twombly* and *Iqbal*, *infra*. Accordingly, Plaintiffs' negligence claim against Union Pacific should be dismissed with prejudice.

## II.
## RULE 12(b)(6) STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and formulaic recitations of elements are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate where the

pleadings demonstrate that a claim is preempted by federal law or otherwise fails as a matter of law. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## III.
## PLAINTIFFS' NEGLIGENCE CLAIM IS PREEMPTED BY THE CARMACK AMENDMENT

### A. Carmack Broadly Preempts State-Law Claims for Cargo Loss

The Carmack Amendment, 49 U.S.C. § 14706, establishes a uniform national liability scheme governing loss or damage to goods transported in interstate commerce. The Fifth Circuit has long held that Carmack preempts all state-law causes of action, including negligence, that seek recovery for cargo loss or damage. "The Carmack Amendment preempts all state law claims arising from failures in the transportation and delivery of goods." *Moffit v. Bekins Van Lines Co.,* 6 F.3d 305, 307 (5th Cir. 1993); *see also Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) ("Carmack provides the exclusive cause of action for loss or damage to goods arising from interstate transport.").

Courts in the Southern District of Texas consistently apply this rule. See, e.g.:

- *Tran Enters., LLC v. DHL Express (USA), Inc*., 627 F.3d 1004, 1008 (5th Cir. 2010);
- REI Transp., Inc. v. C.H. Robinson Worldwide, Inc., 519 F.3d 693, 697 (7th Cir. 2008)

(cited favorably in SDTX Carmack cases).

### B. Plaintiffs Seek Only Cargo Loss Damages

Plaintiffs allege the shipment was completely destroyed and seek recovery of the cargo's value, insurance payments, and deductible. *See* Pl.'s Complaint, ECF No. 1. They do not allege personal injury or damage to their own real property. *Id.* Where the only injury alleged is cargo loss, Carmack preemption applies regardless of how the claim is styled. *Hoskins*, 343 F.3d at 778.

**C. Plaintiffs Cannot Evade Carmack by Suing a Non-Carrier Railroad**

Plaintiffs may argue Carmack does not apply because Union Pacific was not a party to the contract of carriage. Courts reject this argument because Carmack preemption turns on the nature of the damages sought, not the identity of the defendant.

Allowing negligence claims against non-carriers for the same cargo loss would "gut the uniformity Congress intended." *Moffit*, 6 F.3d at 307. Accordingly, Plaintiffs' negligence claim against Union Pacific is preempted and must be dismissed.

## IV.
## PLAINTIFFS FAIL TO STATE A NEGLIGENCE CLAIM AGAINST UNION PACIFIC

Even if Carmack did not apply, Plaintiffs' negligence claim independently fails under Rule 12(b)(6).

**A. No Cognizable Duty Is Alleged**

To state a negligence claim under Texas law, a plaintiff must plead facts showing duty, breach, and proximate cause. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001).

Plaintiffs allege no facts showing that Union Pacific owed a duty to prevent a motor carrier from unlawfully fouling a grade crossing. Railroads are entitled to presume motorists will obey traffic laws. *See Missouri Pac. R.R. Co. v. Shiflet*, 425 S.W.2d 662, 667 (Tex. 1968).

**B. No Plausible Breach Is Pleaded**

Plaintiffs do not allege:

- Excessive speed;
- Violation of FRA regulations;
- Signal malfunction;
- Prior notice of an obstructed crossing.

Conclusory assertions that Union Pacific failed to "slow" or "avoid" the collision are insufficient. *Iqbal, 556 U.S. at 678; Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

**C. No Proximate Cause Is Pleaded**

Proximate cause requires cause-in-fact and foreseeability. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798–99 (Tex. 2004).

Plaintiffs' own allegations establish that the collision occurred because the tractor-trailer obstructed the crossing. Texas courts consistently hold that a railroad is not the proximate cause of a collision where a vehicle suddenly fouls a crossing. *See Union Pac. R.R. Co. v. Williams*, 85 S.W.3d 162, 167–68 (Tex. 2002).

## V.
## THE ECONOMIC LOSS RULE PROVIDES AN ADDITIONAL BASIS FOR DISMISSAL

Plaintiffs seek recovery for purely economic loss—cargo value—without alleging an independent duty owed by Union Pacific. Texas law bars negligence claims for purely economic loss absent an independent duty. *LAN/STV v. Martin K. Eby Constr. Co*., 435 S.W.3d 234, 235–36 (Tex. 2014). No such duty is alleged here.

## VI.
## DISMISSAL WITH PREJUDICE IS WARRANTED

Because Plaintiffs' negligence claim is preempted and fails as a matter of law, amendment would be futile. Dismissal with prejudice is appropriate. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 329 (5th Cir. 2002).

## VII.
## PRAYER

WHEREFORE, Defendant Union Pacific Railroad Company respectfully requests that the Court dismiss Plaintiffs' negligence claim with prejudice, award Union Pacific Railroad Company attorneys fees and costs, and any other such relief this Court deems appropriate.

Respectfully submitted,



Daniel J. Gibson
State Bar No. 24118124
djgibson@up.com
Telephone: (281) 350-7259
Union Pacific Railroad Company
24125 Old Aldine Westfield Road
Spring, Texas 77373

***COUNSEL FOR UNION PACIFIC RAILROAD***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic transmission via the Court's ECF system to all parties authorized to receive electronic notice in this case on January 15th, 2026:

William Sean O'Neil
W. Sean O'Neil Attorney at Law
2000 S. Dairy Ashford Road
Suite 348
Houston, TX 77077
281-496-0193
Fax: 281-496-0680
Email: wsoneil@wsolaw.com

**Daniel J. Gibson**