**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Compania General de Combustibles S.A., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil No. 4:25-cv-6020 |
| RGR Global Logistics, LLC, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER DENYING MOTION TO DISMISS AND TO SHOW CAUSE

Before the Court is Defendant Union Pacific Railroad Company's Motion to Dismiss. For the reasons set forth below, the motion is DENIED. Additionally, the Court ORDERS Union Pacific to provide to this Court by June 29, 2026 a copy of the opinion in *Missouri Pac. R.R. Co. v. Shiflet*, 425 S.W.2d 662 (Tex. 1968), which Defendant cites in its Motion to Dismiss, along with an explanation as to how Defendant came to locate the case.

## I.  BACKGROUND

This case arises from a collision between a rail locomotive owned and operated by Union Pacific and a tractor-trailer carrying Plaintiffs Compania General de Combustibles S.A., Allianz Argentina Compania de Seguros S.A., and Sudamericana Seguros Galicia SA's cargo, resulting in the destruction of the cargo and its non-delivery. Doc. 1 at 5–6. Plaintiff sued Union Pacific for negligence. *Id.* at 6–7. Union Pacific now moves to dismiss for failure to state a claim upon which relief can be granted, arguing that Plaintiff's recovery is preempted by the Carmack Amendment, that Plaintiff failed to plead sufficient

facts to state a claim for negligence, and that the economic loss doctrine bars Plaintiff's recovery. Doc. 9 at 3–5.

## II.  LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court holds that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard on plausibility is "not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

Review on motions to dismiss under Rule 12(b)(6) is narrow. The reviewing court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citation omitted). However, courts do not accept as true what are simply conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

### III.  ANALYSIS

Plaintiff's claim is not preempted by the Carmack Amendment and therefore has stated a valid claim against Union Pacific. Where a carrier is responsible for damage to cargo, the Carmack Amendment provides the cargo owner with its exclusive remedy. However, when the damage is caused by someone other than the carrier, as Union Pacific is alleged to have done here, the owner is free to pursue a state law claim against that tortfeasor. Furthermore, the Complaint contains sufficient facts necessary to plausibly plead negligence under Texas law. Finally, the economic loss doctrine does not bar Plaintiffs' recovery because they plead damage to their property in addition to economic losses.

### A.  Carmack Amendment

Union Pacific argues that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, preempts Plaintiffs' recovery against them. Union Pacific is incorrect because the Carmack Amendment's preemption of state-law negligence claims does not apply to damage caused by a non-contracting rail carrier who is not liable under a shipping receipt or bill of lading.

The Carmack Amendment, which covers rail carriers and other motor carriers, requires such a carrier to issue a receipt bill of lading for property it receives for transportation. 49 U.S.C. § 11706(a). Under the Amendment, a rail carrier or freight forwarder is "liable to the person entitled to recover under the receipt or bill of lading" for actual loss or injury to transported property caused by either the receiver rail carrier, the delivering rail carrier, or another rail carrier over whose line or route the property is transported. *Id.* The Carmack Amendment provides "the exclusive cause of action for loss or damage to goods arising from the interstate transportation of those goods by a common carrier," preempting any state law negligence claims against those same carriers. *See Hoskins v. Bekins Van Lines,* 343 F.3d 769, 777–78 (5th Cir. 2003).

In the instant case, the Carmack Amendment does not apply to Union Pacific because Union Pacific was not transporting the property that its train destroyed.[1] *See id.* Union Pacific agrees that it was a "non-contracting railroad" and concedes that Plaintiffs

---

[1] In fact, Plaintiffs do not allege that Union Pacific is liable under the Carmack Amendment. *See* Doc. 1 ¶ 26.

4

assert only a negligence claim, as opposed to the Carmack Amendment claims, against the motor carriers involved in the crash. *See* Doc. 9 at 1–2. Because the Carmack Amendment does not apply to Union Pacific here, Plaintiffs' negligence claim against it is not preempted.

### B. Negligence

Union Pacific argues that even if the negligence claim is not preempted by the Carmack Amendment, Plaintiffs have failed to plead facts sufficient to establish negligence. Doc. 9 at 4–5. The Court disagrees.

The elements of common law negligence are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). Plaintiffs have pleaded facts to plausibly allege each element.

Plaintiffs allege that Union Pacific is a railroad company that operated a train and that it had a duty to exercise reasonable care towards Plaintiffs in that operation. Doc. 1 ¶ 26. This is consistent with the duty of care imposed on railroad companies by Texas law. *See Muniz v. Panhandle & Santa Fe Ry. Co.*, 285 S.W.2d 809, 815 (Tex. App.—Amarillo 1955, writ ref'd n.r.e.) ("Of course train operators are required to use reasonable care and prudence at such crossings."); *see also So. Pac. Transp. Co. v. Luna*, 707 S.W.2d 113, 117 (Tex. App.—Corpus Christi-Edinburg 1985) (holding that railroad company has duty of ordinary care) (citing *Mo. K. & T. Ry. Co. v. Thomas*, 28 S.W. 343, 344 (1894)), *reversed on other grounds*, 724 S.W.2d 383 (Tex. 1987)).

Plaintiffs likewise allege that Union Pacific did not have proper and required lookouts, did not operate the train at a safe speed given the conditions, and failed to take the required and necessary steps to slow down the train and avoid the collision. *Id.* This plausibly alleges that Union Pacific breached its duty.

Finally, the Complaint plausibly pleads that Union Pacific's breach proximately resulted in Plaintiffs' damages by describing how Union Pacific's alleged failures caused a freight train to collide with the trailer carrying their property. *Id.* ¶ 27.

### C.  Economic Loss Doctrine

Union Pacific claims that the economic loss doctrine bars Plaintiffs' recovery. Doc. 9 at 5. In Texas, a plaintiff may not recover purely economic damages in actions for unintentional torts unaccompanied by personal or property injury. *See LAN/STV v. Martin K. Eby Const. Co., Inc.*, 435 S.W.3d 234, 235 (Tex. 2014). This doctrine additionally bars recovery for "economic loss resulting from bodily harm to another or from physical damage to property in which he has no proprietary interest." *Id.* at 238.

The economic loss doctrine does not apply here. Plaintiffs allege that their property, the shipment, was destroyed by the train collision, and seek damages for its value. Doc. 1 ¶ 27. Therefore, Plaintiffs are not merely seeking economic damages, and their claim is not barred by the economic loss doctrine.

6

\* \* \*

The Carmack Amendment does not preclude Plaintiffs' state law negligence claim against Union Pacific because Union Pacific was not carrying Plaintiffs' cargo when the cargo was destroyed. Moreover, Plaintiffs have pleaded sufficient facts about the train collision to render its negligence claim plausible. Finally, the economic loss doctrine is inapplicable here. Plaintiffs have stated a claim upon which relief can be granted.

## IV.  ORDER TO SHOW CAUSE

In its arguments on Plaintiffs' negligence claim, Union Pacific wrote "Railroads are entitled to presume motorists will obey traffic laws" and cited to "*Missouri Pac. R.R. Co. v. Shiflet*, 425 S.W.2d 662, 667 (Tex. 1968)" for this proposition. Doc. 9 at 4. The Court, exercising due diligence, has been unable to locate the above case. Neither the case name nor the reporter information yield results in Westlaw or LexisNexis, and the case is not printed in the South Western Reporter.  The Court therefore has reason to believe that this case does not exist.

Union Pacific is hereby ORDERED to provide the above case to the Court, accompanied by a brief statement regarding the search engine or other tool(s) its counsel used to locate the opinion.  Union Pacific shall provide this information no later than June 29, 2026.  If counsel used artificial intelligence to aid in their legal research, they should explicitly state such.

## V.  CONCLUSION

Union Pacific's motion to dismiss is DENIED. Union Pacific is further ORDERED to produce the *Missouri Pac. R.R. Co. v. Shiflet* case which it citied in its Motion to Dismiss, and to do so no later than June 29, 2026.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 23rd of June, 2026.

_____

Nicholas J. Ganjei
United States District Judge